DADY & GARDNER, P.A.
80 South Eighth Street
5100 IDS Center
Minneapolis, MN 55402
Telephone: (612) 359-9000
Facsimile:  (612) 359-3507

John D. Holland (*Admitted Pro HacVice*)
jholland@dadygardner.com

BRYAN CAVE LLP
120 Broadway
Suite 300
Santa Monica, CA 90401
Telephone: (310) 576-2100
Facsimile:  (310) 576-2200

Jonathan Solish, CA Bar No. 67609
jonathan.solish@bryancave.com
Kristy A. Murphy, CA Bar No. 252234
kristy.murphy@bryancave.com

*Attorneys for Plaintiff*
*Coronado Transportation Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONADO TRANSPORTATION SYSTEMS, INC., <br><br>Plaintiff, <br><br>v. <br><br>SIXT FRANCHISE USA, LLC, SIXT RENT A CAR LLC, ERICH SIXT, CRAIG OLSON, and FLORIAN DERN, <br><br>Defendants. | Case No. 4:15-cv-04462 KAW <br><br><br>(~~PROPOSED~~) ORDER TRANSFERRING VENUE TO THE SOUTHERN DISTRICT OF CALIFORNIA |

## I.    INTRODUCTION

Now before the Court is an unopposed Motion to transfer venue filed by the remaining Plaintiff in the above-titled action, Coronado Transportation Systems, Inc. As such, the court must evaluate the appropriate factors in reviewing whether transfer is appropriate. *See Tung Tai Grp. v. Fla. Transformer, Inc*., No. 5:11-cv-02389 EJD(HRL), 2011 WL 3471400, at *2 (N.D. Cal. Aug. 8, 2011) (citing *White v. ABCO*

*Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999)). For the reasons set forth below, the Court finds the transfer of venue to the Southern District of California is appropriate, and therefore the Motion is GRANTED by this order.

## II.     LEGAL STANDARD

Under 28 U.S.C. Section 1404.(a), the Court may "[f]or the convenience of parties and witnesses, in the interests of justice … transfer any civil action to any other district … where it might have been brought." The Court must undertake an "'individualized, case-by-case consideration of convenience and fairness,'" and determine whether three elements are satisfied: (1) the propriety of venue in the transferor district, (2) whether the action could have been brought in the transferee district, and (3) whether the transfer will serve the interests of justice and convenience of the parties and witnesses. *Tung Tai*, 2011 WL 3471400, at *1 (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)). The Court weighs a series of factors in determining whether the third element is satisfied including Plaintiff's choice of forum, the convenience of the parties and witnesses, ease of access to evidence, the familiarity of the potential fora with applicable law, feasibility of consolidation, local interests, and court congestion. *Williams v. Bowman,* 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing *Royal Queentex Enters. Inc. v. Sara Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *2 (N.D. Cal. Mar. 1, 2000)).

## III.    DISCUSSION

First, the Court finds that the first two prongs of Section 1404(a) are satisfied because venue is proper in this district, and the case could have been brought in the Southern District of California. The action was originally filed in the United States District Court for the Northern District of California based on the operations by a former plaintiff, Adwin, LLC, at San Francisco International Airport. (*See* Dkt. 1 at paragraph 10.) However, the action could have been brought by the other remaining Plaintiff, Coronado Transportation Systems, Inc. ("Plaintiff") in the Southern District of California because the Defendants are subject to personal jurisdiction in California (see

1  Dkt. 1 at ¶¶ 9-19), and a substantial part of the events giving rise to Plaintiff's claims
2  took place in the Southern District (*see* 28 U.S.C. § 1391(a), (b) (2) – (3)); and Dkt. 19,
3  ¶¶ 9-20,52 (noting that Defendants sold the other, remaining Plaintiff a franchise for
4  operation at the San Diego Airport and, thereby, elected to do business in San Diego,
5  California).

6       In addition, the Court finds that transferring the action to the Southern District of
7  California will serve the convenience of the parties and witnesses and promote the
8  interests of justice.  Neither Plaintiff nor Defendants opposes the transfer.  This weighs
9  heavily in favor of transfer.

10       This Court finds that because venue is proper in this District, the action could
11  have been brought in the Southern District of California, and transferring the action to
12  the Southern District will serve the interests of justice and convenience of the parties
13  and witnesses, this case satisfies all three prongs of Section 1404(a).

14  **IV.**  **CONCLUSION**

15       For the reasons set forth above the Court GRANTS Plaintiff's unopposed Motion
16  and DIRECTS the Clerk to transfer this action to the Southern District of California.  In
17  light of this decision, the Case Management Conference scheduled for May 24, 2016 is
18  VACATED.

19

20       IT IS SO ORDERED.

21

22  DATED:  5/2/16                                    *Kandis Westmore*
                                                UNITED STATES DISTRICT JUDGE

3